09-3008-ag
Xia v. Holder

BIA
Balasquide, IJ
A098 492 278
A098 492 279

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT:
>        JOSÉ A. CABRANES,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>                *Circuit Judges*.

_____

XIAOYI XIA, CHANG YANG,
>        *Petitioners*,

>        v.                                    09-3008-ag
>                                              NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          H. Raymond Fasano, New York, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Greg D. Mack, Senior
                         Litigation Counsel; Kristina R.
                         Sracic, Trial Attorney, Office of
                         Immigration Litigation, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Xiaoyi Xia and Chang Yang, natives and citizens of the People's Republic of China, seek review of the June 15, 2009, order of the BIA affirming the October 3, 2007, decision of Immigration Judge ("IJ") Javier E. Balasquide pretermitting their applications for asylum and denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiaoyi Xia and Chang Yang*, Nos. A098 492 278, A 098 492 279 (B.I.A. June 15, 2009), *aff'g* Nos. A098 492 278, A 098 294 279 (Immig. Ct. N.Y. City Oct. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because petitioners do not challenge the agency's

pretermission of their asylum applications, we consider only their eligibility for withholding of removal and CAT relief.

With respect to petitioners' claim under the family planning policy, we have previously reviewed the agency's consideration of evidence similar to that which they submitted and have found no error in its conclusion that such evidence is insufficient to establish an alien's *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 164-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). We have also held that petitioners cannot establish a well-founded fear of persecution under the family planning policy based on the birth of only one child. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

With respect to petitioners' illegal departure claim, the BIA did not err in finding that they failed to establish that any punishment imposed on them for fleeing from China would rise to the level of persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) (holding that "punishment for violation of a generally applicable

3

criminal law is not persecution"). The BIA reasonably rejected petitioners' claim that they would be persecuted on account of their membership in a particular social group comprised of "repatriated citizens who had illegally entered the U.S.," or "Chinese citizens who have brought shame to the People's Republic of China by violating another [country's] border laws," holding that any punishment would be imposed due to their illegal departure rather than their membership in those purported groups. *See* 8 U.S.C. § 1158(b)(1)(B) (stating that an asylum applicant's status as a member of a particular social group-and not some other factor-must be a central reason why that individual is targeted for persecution.) The BIA also did not err in finding that petitioners failed to submit any particularized evidence indicating that they would be singled out for torture based on their illegal departure. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Contrary to petitioners' assertion, the BIA properly held that, absent some evidence of a specific intent to inflict torture, a likelihood of imprisonment, standing alone, was insufficient to establish their

4

eligibility for CAT relief.  *See Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007)

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk